

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00863-CV

Ernest C. **TREVINO**,
Appellant

v.

**ENERGY LAND TEXAS, LP**, et al.,
Appellees

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 18-07-0647-CVA
Honorable Russell Wilson, Judge Presiding

No. 04-18-00864-CV

Ernest C. **TREVINO**,
Appellant

v.

Derek **IDEN**, et al.,
Appellees

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 18-07-0652-CVA
Honorable Russell Wilson, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: March 13, 2019

AFFIRMED

Edward Trevino appeals the orders entered in the underlying causes pursuant to Rule 145 of the Texas Rules of Civil Procedure requiring him to pay court costs to proceed in the underlying lawsuits. The sole complaint made by Trevino in his motions challenging the trial court's orders is that the district clerk failed to timely contest his indigence within the ten-day period allowed under Rule 20.1 of the Texas Rules of Appellate Procedure. In support of his complaint, Trevino cites the former version of Rule 20.1 which concerned indigency status on appeal.[1] *See Yazdchi v. Mingledorff*, No. 14-17-00462-CV, 2018 WL 6684285, at *1 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.) (mem. op.). We overrule Trevino's complaint for two reasons.

First, the trial court's orders relate to the payment of court costs in the trial court which is governed by Rule 145 of the Texas Rules of Civil Procedure. Rule 145 does not impose a deadline for the filing of a contest to a plaintiff's Statement of Inability to Afford Payment of Court Costs. *See* TEX. R. CIV. P. 145; *Yazdchi*, 2018 WL 6684285, at *1.

Second, the trial court's orders state the court held the hearing "on its own motion" which is permitted by Rule 145(f)(4). *See* TEX. R. CIV. P. 145(f)(4). Therefore, the trial court's orders were not based on a contest by the trial court clerk.

For the foregoing reasons, we affirm the trial court's orders. The causes are remanded to the trial court for further proceedings, including the imposition of new deadlines by which Trevino must pay the court costs to be entitled to proceed in the underlying lawsuits.

PER CURIAM

---

[1] We note Rule 20.1 of the Texas Rules of Appellate Procedure was amended effective September 1, 2016, and no longer contains a ten-day deadline. Trevino filed his statements of inability in the underlying causes on July 13, 2018, and July 16, 2018, respectively.